UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


| CARLOS LEVY | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 1:10-0005 |
| | ] | Sharp/Knowles |
| DAVID OSBORNE, WARDEN | ] | |
| Respondent. | ] | |

To: Honorable Kevin H. Sharp, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.47) entered July 28, 2011, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 72.03, Local Rules of Court."

Presently before the Court are petitioner's amended § 2254 habeas corpus petition (Docket Entry No.39), respondent's Answer (Docket Entry No.46) to the habeas corpus petition as amended, and petitioner's Reply (Docket Entry No.52) to the respondent's Answer.

The undersigned has carefully reviewed these pleadings as well as the expanded record in this case and finds, for the reasons stated below, that the petitioner's habeas corpus petition is untimely. Accordingly, the petition should be denied and the instant action should be dismissed.

1

## I. BACKGROUND

The petitioner, proceeding through counsel, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Osborne, Warden of the facility, seeking a writ of habeas corpus.

On April 19, 2006, the petitioner pled guilty in the Circuit Court of Marshall County to aggravated assault, two counts of especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and the unlawful possession of a firearm. Docket Entry No.27-2 at pgs.20-45. For these crimes, he received an aggregate sentence of thirty (30) years in prison. *Id.* at pg.77.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's sentence. Docket Entry No.17-3. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No.2 at pg.18.

## II. PROCEDURAL HISTORY

On January 26, 2010, the petitioner initiated the instant action with the *pro se* filing of a § 2254 habeas corpus petition (Docket Entry No.2) in the District Court for the Eastern District of Tennessee. By an order (Docket Entry No.4) entered two days later, the petition was transferred to this judicial district for disposition.

Upon its receipt here, the respondent was directed to file an answer, plead or otherwise respond to the petition. Docket Entry

2

No.6. Meanwhile, the petitioner filed an amended habeas corpus petition. Docket Entry No.13. The respondent followed with a Motion to Dismiss (Docket Entry No.15) the amended petition as untimely. The Court entered an order (Docket Entry No.21) denying the Motion to Dismiss without prejudice to renew it at a later date. The Federal Public Defender was appointed to represent the petitioner.

Counsel for the petitioner has filed an amended habeas corpus petition. Docket Entry No.39. The petition sets forth four claims for relief. These claims include :

1) the imposition of consecutive sentences was improper;

2) the petitioner was "improperly subjected to multiple punishment for a single course of conduct" in violation of the Double Jeopardy Clause of the Constitution;

3) the petitioner's guilty plea was neither voluntarily nor knowingly given; and

4) counsel was ineffective for failing to secure the services of an interpreter for the petitioner at the plea and sentencing hearings.[1]

The respondent has filed an Answer (Docket Entry No.46) to the amended habeas corpus petition, asserting that this action is time-barred and that the petitioner has failed to properly exhaust his state court remedies. The petitioner has responded with a Reply (Docket Entry No.52) to the Answer.

---

[1] The petitioner was represented by Andrew Dearing, an Assistant Public Defender in Bedford County.

This action has been referred to the undersigned for further proceedings. Docket Entry No.47. Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. TIMELINESS OF THE PETITION

**A.) Statute of Limitation**

There is a one year period of limitation placed on the filing of § 2254 petitions. This limitation period runs from the latest of

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The appropriate starting point for calculating the timeliness

of this action is the date on which petitioner's convictions became final. 28 U.S.C. § 2244(d)(1)(A).

The petitioner pled guilty on April 19, 2006. The direct appeal of his convictions in the state courts was concluded on August 13, 2007, the date that the Tennessee Supreme Court denied petitioner's application for further review. *See* Docket Entry No.2 at pg.18. The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). Adding ninety (90) days to this date, the petitioner's convictions became final, for the purpose of timeliness, on November 11, 2007.[2]

As a consequence, the petitioner had one year from this date, or until November 11, 2008, in which to initiate the instant action. His habeas corpus petition, however, was not filed until January 26, 2010, more than fourteen months after the limitation period had expired. Therefore, this action was not filed in a timely manner.

**B.) Equitable Tolling of the Limitation Period**

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Holland v. Florida, 130 S.Ct.

---

[2] Calculation of the ninety days is as follows : 18 days (8/14 -8/31/07) + 30 days (9/1 - 9/30/07) + 31 days (10/1 - 10/31/07) + 11 days (11/1 - 11/11/07) = 90 days.

5

2549 (2010). Equitable tolling of a limitation period, however, should be applied sparingly. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008 (6th Cir. 2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Keenan v. Bagley</u>, 400 F.3d 417, 420 (6th Cir. 2005). To make the appropriate showing, the petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. <u>Lawrence v. Florida</u>, 127 S.Ct. 1079, 1085 (2007); <u>Hall v. Warden, Lebanon Correctional Institution</u>, 662 F.3d 745, 749 (6th Cir. 2011).

In the Reply (Docket Entry No.52) to the respondent's Answer, counsel for the petitioner argues that equitable tolling is appropriate in this instance because the petitioner speaks very little English.

Where a petitioner's alleged lack of proficiency in English has not prevented him from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the limitation period. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims. <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir.2002).

Neither the trial judge nor counsel for the petitioner felt

6

the need to obtain the services of an interpreter for him at the plea and sentencing hearings. The trial judge was able to converse with the petitioner during these hearings, though admittedly it was difficult at times. The petitioner acknowledges that, shortly after his entry into the prison system, he "met a fellow inmate who was bilingual in Spanish and English and had some knowledge of appellate procedure." Docket Entry No.52 at pg.2. The petitioner had been in this country at least three years before the limitation period expired. From these circumstances, it does not appear that the petitioner was unable to exercise his right of access to the courts with a little effort on his part.

Therefore, the undersigned finds that the petitioner has failed to making a showing that he pursued his rights in a diligent manner. Nor has the petitioner shown that extraordinary circumstances prevented him from filing a timely petition. As a consequence, an equitable tolling of the limitation period would not be appropriate in this instance.

### R E C O M M E N D A T I O N

Upon careful consideration, the undersigned finds that the instant action is time-barred. Accordingly, it is respectfully RECOMMENDED that the petitioner's amended habeas corpus petition be DENIED and that the instant action should be DISMISSED.

Any objections to this Report and Recommendation must be filed

with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge